# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re:<br><br>Vanity Shop of Grand Forks, Inc.,<br><br>Liquidating Debtor. | Chapter 11<br><br>Case No. 17-30112 |
| Vanity Shop of Grand Forks, Inc.,<br>Plaintiff,<br><br>vs.<br><br>International Inspirations Ltd. dba Lux Accessories; and Rosenthal & Rosenthal, Inc.,<br>Defendants. | Adv. No. **Refer to Summons** |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Vanity Shop of Grand Forks, Inc., the liquidating debtor (the "Plaintiff" or "Liquidating Debtor") in the above-captioned chapter 11 case, by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against International Inspirations Ltd. dba Lux Accessories; and Rosenthal & Rosenthal, Inc. (the "Defendants") and to disallow any claims held by Defendants. In support of this Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1.     Plaintiff seeks to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of the Debtor pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to proof, Plaintiff also seeks to avoid and recover from Defendants or any other person or entity for whose benefit transfers were made pursuant to sections 548 and

1

550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2.    In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendants have filed or asserted against the Liquidating Debtor or that has been scheduled for Defendants. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.    This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the District of North Dakota (the "Court"), captioned *In re Vanity Shop of Grand Forks, Inc.,* Case No. 17-30112, pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.    The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.    This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

6.    Venue is proper in the District of North Dakota pursuant to 28 U.S.C. § 1409.

## PROCEDURAL BACKGROUND

7.    On March 1, 2017 (the "Petition Date") the Debtor commenced this case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8.    On August 27, 2018, the Court entered an order confirming the *Debtor's Third Plan of Liquidation* (the "Confirmation Order" and "Plan," respectively). [Bankr. D.I. No. 872 (Confirmation Order) and D.I. 799 (Plan)].

9.    The effective date of the Plan occurred on September 26, 2018 (the "Effective Date") [Bankr. D.I. No. 938].

10.    Pursuant to the schedules filed in this matter, and as described in the *Disclosure Statement with Respect to Chapter 11 Plan of Liquidation of Vanity Shop of Grand Forks, Inc. Dated April 9, 2018* (the "Disclosure Statement"),[1] the Liquidating Debtor's liabilities exceed its assets and therefore general unsecured claims are not expected to be paid in full.

### THE PARTIES

11.    As more fully discussed in the Disclosure Statement, Plaintiff was a specialty retailer of casual apparel and accessories for fashion-conscious young women. Plaintiff owned and sold its own line of private-label goods in approximately 137 mall-based stores in 27 states, and also sourced reasonably-priced fashion apparel and accessories from both U.S.-based and foreign suppliers. As of the Petition Date, Plaintiff employed 274 full-time and 1,049 part-time employees.

12.    Pursuant to the Confirmation Order and Plan, on the Effective Date, the Debtor and its Estate[2] irrevocably vested in the Liquidating Debtor, for the purposes of administration by plan administrator Phillip L. Kunkel (the "Plan Administrator"), all of its respective rights, title and interest in and to all Revested Assets, including Avoidance Actions. Also, as further provided for in the Plan, the Plan Administrator has the exclusive right, on behalf of the Liquidating Debtor,

---

[1] Bankr. D.I. 645.
[2] All terms not defined herein shall have those meanings ascribed to them in the Plan and/or Confirmation Order.

3

to prosecute, enforce, abandon, settle, compromise, release, or withdraw certain causes of action under chapter 5 of the Bankruptcy Code.

13.    As provided for under the Plan and Confirmation Order, and pursuant to Bankruptcy Code sections 547, 548, 550, 704(a), 1106, and 1107, Plaintiff is authorized and has standing to pursue this avoidance action.

14.    Upon information and belief, International Inspirations Ltd. dba Lux Accessories was, at all relevant times, a vendor or creditor that designed and manufactured costume jewelry and accessories to or for Plaintiff. Upon further information and belief, at all relevant times, International Inspirations Ltd. dba Lux Accessories's principal place of business is located at 358 5th Avenue, 5th Floor, New York, New York 10001.  Plaintiff is informed and believes and on that basis alleges that International Inspirations Ltd. dba Lux Accessories is a company residing in and subject to the laws of a Delaware.

15.    Upon information and belief, Rosenthal & Rosenthal, Inc. was, at all relevant times, a vendor or creditor that provided factoring and asset based lending services to or for Plaintiff. Upon further information and belief, at all relevant times, Rosenthal & Rosenthal, Inc.'s principal place of business is located at 1370 Broadway, New York, New York 10018.  Plaintiff is informed and believes and on that basis alleges that Rosenthal & Rosenthal, Inc. is a company residing in and subject to the laws of New York.

## FACTUAL BACKGROUND

16.    Prior to the Petition Date, Plaintiff, as a specialty clothing retailer, maintained business relationships with various business entities, through which Plaintiff regularly purchased, sold, received, and/or delivered goods and services.

4

17.     As a specialty clothing retailer, Plaintiff regularly purchased goods from various entities including vendors, creditors, suppliers and distributors. Plaintiff also regularly paid for services used to facilitate its business.

18.     The financial difficulties that led to Plaintiff's decision to file the Bankruptcy Case is attributable to a combination of factors, all of which placed significant stress on Plaintiff's liquidity position in the months leading up to the Petition Date. Plaintiff incurred operational losses stemming from, among other things, expensive lease obligations, underperforming retail locations, and increased competition in the women's fashion retail industry. Additionally, Plaintiff saw increased competition from online retailers along with a decrease in mall traffic, which challenged Plaintiff's ability to operate on a sustained profitable basis. As of the Petition Date, Plaintiff had obligations to its secured lender in excess of $4 million. Plaintiff's amended summary of assets and liabilities[3] indicates that as of the day before the Petition Date, Plaintiff had secured debts of approximately $9 million and unsecured debts of approximately $11 million.

19.     As of the Petition Date, Plaintiff utilized and maintained a cash management system (the "Cash Management System") for the collection, transferring, and disbursement of funds in Plaintiff's business.[4] As of the Petition Date, the Cash Management System consisted of several types of bank accounts, including: store deposit accounts, a master depository account, payroll accounts, an operating account, and disbursement accounts (collectively, the "Bank Accounts"), which were maintained at Wells Fargo, N.A., as well as at certain other banks.[5]

---

[3] Bankr. D.I. 549.
[4] *See Debtor's Motion for Entry of Order: (I) Authorizing Continued Use of Cash Management System; (II) Authorizing Use of Prepetition Bank Accounts, Account Control Agreements, and Certain Payment Methods; and (III) Waiving the Requirements of 11 U.S.C. § 345(B) on an Interim Basis*, Bankr. D.I. No. 16.
[5] Individual store accounts were maintained at various banks, while the majority of the corporate accounts were maintained at Wells Fargo. *See* Bankr. D.I. 16.

20.     Among these bank accounts, disbursement to vendors were made from an account ending xx0258 and an account ending xx6968, both of which were held at Wells Fargo, N.A. by Plaintiff (collectively, the "Disbursement Accounts").  [*See* Bankr. D.I. No. 16].

21.     Plaintiff drew upon the Disbursement Accounts to pay for its operational costs, including payment to its vendors, suppliers, distributors, and other creditors, including Defendants.

22.     During the ninety (90) days before the Petition Date, that is between December 1, 2016 and March 1, 2017 (the "Preference Period"), Plaintiff continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

23.     Upon information and belief, during the course of their relationship, the Defendants and Plaintiff entered into agreements, which are evidenced by invoices, communications and other documents (collectively, the "Agreements"). Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendants to the Plaintiff as described in the "Parties" section of this Complaint. The details of each of the Agreements paid for during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A. Such details include "Invoice Number," "Invoice Date," and "Invoice Amount."

24.     Defendants conducted business with Plaintiff through and including the Petition Date pursuant to the Agreements.

25.     As identified in the Agreements identified on Exhibit A, Plaintiff purchased goods and/or services from Defendants.

26.      Plaintiff has completed an analysis of all readily available information of the Debtor and is seeking to avoid all of the transfers of an interest of Plaintiff's property made by Plaintiff to Defendants within the Preference Period.

27.      Plaintiff made transfer(s) of an interest of Plaintiff's property to or for the benefit of Defendants during the Preference Period through payments aggregating to an amount not less than $130,053.26 (the "Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

28.      During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Liquidating Debtor of an interest of the Liquidating Debtor in property and to or for the benefit of Defendants or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendants' name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**CLAIMS FOR RELIEF**

**COUNT I**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

29.      Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

30.      During the Preference Period, Plaintiff made Transfers to or for the benefit of Defendants in an aggregate amount not less than $130,053.26.

31.     Each Transfer was made from one or more of the Disbursement Accounts described *supra,* and constituted transfers of an interest in property of Plaintiff.

32.     Defendants were creditors of Plaintiff at the time of each Transfer by virtue of supplying goods and/or services identified in this Complaint and in the Agreements to Plaintiff, as more fully set forth on Exhibit A hereto, for which Plaintiff was obligated to pay following delivery in accordance with the Agreements.  See Exhibit A.

33.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff to Defendants.  See Exhibit A.

34.     Each Transfer was made for, or on account of, an antecedent debt or debts owed by Plaintiff to Defendants before such Transfers were made, as asserted by Defendants and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendants prior to being paid by the Plaintiff.  See Exhibit A.

35.     Each Transfer was made while the Plaintiff was insolvent. *See* ¶¶ 10, 17. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

36.     Each Transfer was made during the Preference Period, as set forth on Exhibit A.

37.     As a result of each Transfer, Defendants received more than Defendants would have received if: (i) Plaintiff's case was under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendants received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Plaintiff's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Plaintiff's liabilities exceed its

assets to the point that unsecured creditors will not receive a full payout of their claims from the Plaintiff's bankruptcy estate.

38.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

<u>**COUNT II**</u>
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

39.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

40.     To the extent one or more of the Transfers identified on <u>Exhibit A</u> was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received, Plaintiff pleads in the alternative that Plaintiff did not receive reasonably equivalent value in exchange for such transfer(s) (the "<u>Potentially Fraudulent Transfers</u>"); and

A.     Plaintiff was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

B.     Plaintiff was engaged, or about to engage, in business or a transaction for which any property remaining with Plaintiff or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

C.     Plaintiff intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

41.     Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

42.      Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Count.

43.      Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

44.       Defendants were the initial transferees of the Avoidable Transfer(s) or the immediate or mediate transferees of such initial transferees or the person for whose benefit the Avoidable Transfer(s) were made.

45.      Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendants the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## COUNT IV
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

46.      Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

47.      Defendants were transferees of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

48.      Defendants have not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendants are liable under 11 U.S.C. § 550.

49.      Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendants and/or their assignees, against the Debtor's chapter 11 estate or Plaintiff must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

50.    Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendants, and/or their assignees, against the Liquidating Debtor's chapter 11 estate or Plaintiff previously allowed by Debtor or by Plaintiff, must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff requests that this Court grant it the following relief against Defendants:

A.  On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendants, avoiding all of the Avoidable Transfers and directing Defendants to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.  On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendants disallowing any claims held or filed by Defendants against the Plaintiff until Defendants return the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 25, 2019

**ASK LLP**

By: /s/ *Kara E. Casteel*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN 0389115
Richard Reding, Esq., MN SBN 0389945
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3842
Fax: (651) 406-9676
Email: rreding@askllp.com

*-and-*

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Counsel for Plaintiff*